# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
March 6, 2007 Session

## STATE OF TENNESSEE v. DAVIDSON M. TAYLOR

**Appeal from the Criminal Court for Shelby County**
**No. 04-01632     Paula Skahan, Judge**

---

**No. W2006-00543-CCA-R3-CD  - Filed October 12, 2007**

---

JERRY L. SMITH, Judge, Concurring in Results.

I fully concur in the judgment of the Court that Appellant's convictions and sentences should be affirmed.  However, I disagree with the majority's rationale concerning the striking by the trial court of Ms. Taylor's testimony that she had never seen her husband intoxicated.

First, in my opinion, it is questionable whether Ms. Taylor's testimony is character testimony at all.  Tennessee Rule of Evidence 405(a)(1) provides that character evidence is to be proven by testimony in the form of an opinion as to the character of a person or the person's reputation.  Ms. Taylor was asked a *fact* question as to whether she had ever seen her husband intoxicated.  She responded with a statement of *fact*, "No, I have never seen him intoxicated."  This type of factual statement is not what is typically thought of as character evidence.

Second, while I also believe her statement was largely irrelevant as to whether the Appellant was driving under the influence on the occasion in question, there was no objection to the question until the trial court ruled the prosecution could not question Ms. Taylor about Appellant's prior DUI conviction.  In the absence of an objection, even ordinarily inadmissible evidence may legally be considered by a jury.  *See State v. Smith*, 24 S.W.3d 274, 279 (Tenn. 2000).  Thus, at the time the trial court conducted the probity versus prejudice analysis mandated by Tennessee Rule of Evidence 405(a)(3), Ms. Taylor's statement was properly before the jury.

Thirdly, even if Ms. Taylor's statement is considered character evidence, Tennessee Rule of Evidence 405 is designed to bar the use of unduly prejudicial specific instances of conduct.  It does not bar the use of character evidence itself when a trial court finds that a character witness cannot be cross-examined with specific instances of conduct.  When the trial court ruled that Appellant's prior DUI conviction was unduly prejudicial, the court correctly prevented the State from asking Ms. Taylor about it.  However, in my view, the trial court erred in striking character evidence to which no objection was voiced at the time the evidence was offered.

Finally, because the quantum of proof as to the Appellant's guilt of DUI is overwhelming and Ms. Taylor's statement is of little relevance, I believe the trial court's error was harmless and I therefore concur in the judgment of the Court.

_____
Jerry L. Smith, Judge